UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1807 CAS (PLAx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | GERALD C. WOODCOCK v. MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.); ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(In Chambers:) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT FOR DEFENDANTS' NON RESPONSE; MOTION TO DISMISS DEFENDANTS' CLAIM OBJECTION TO DECLARATION OF NON-MONETARY STATUS BY DEFENDANT CAL-WESTERN RECONVEYANCE CORP; MOTION TO VACATE DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., U.S. BANK NATIONAL ASSOCIATION, AND AMERICA'S SERVICING COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT** (filed 02/01/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.   INTRODUCTION**

On October 19, 2010, plaintiff Gerald C. Woodcock filed suit in Riverside County Superior Court against Mortgage Electronic Registration Systems, Inc. ("MERS"); Virtual Bank, a division of Lydian Private Bank ("Virtual Bank"); US Bank National Association, as successor trustee to Bank of America National Association successor by merger to LaSalle Bank National Association, as trustee for Morgan Stanley Mortgage Loan Trust ("U.S. Bank"); Cal-Western Reconveyance Corporation ("Cal-Western"); America's Servicing Company ("ASC"); and Does 1 through 500, inclusive (collectively, "defendants").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1807 CAS (PLAx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | GERALD C. WOODCOCK v. MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.); ET AL. | | |

On November 18, 2010, MERS, U.S. Bank and ASC removed the action to federal court based on subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331. Cal-Western filed a declaration of non-monetary status on January 19, 2011, pursuant to California Civil Code § 2924*l*. See Dkt. No. 15.

On November 23, 2010, defendants MERS, U.S. Bank and ASC filed a motion to dismiss the complaint. On December 13, 2010, plaintiff filed a motion to remand the case to state court and an opposition to defendants' motion to dismiss. On January 21, 2011, the Court denied plaintiff's motion for remand and granted defendants' motion to dismiss the complaint in its entirety without prejudice. See Dkt. No. 16. The Court directed plaintiff to file an amended complaint within thirty (30) days after the filing of its January 21, 2011 Order.

Plaintiff has not filed an amended complaint. Instead, on February 1, 2011, plaintiff filed the instant motion for default judgment for defendants' nonresponse; motion to dismiss defendants' claim objection to declaration of non-monetary status by defendant Cal-Western; motion to vacate defendants MERS, U.S. Bank, and ASC's opposition to plaintiff's motion for remand to state court.

The Court construes plaintiff's motion as an objection to Cal-Western's declaration of non-monetary status pursuant to California Civil Code § 2924*l* and a motion for reconsideration of the Court's January 21, 2011 Order, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]

## II. DISCUSSION

### A. Objection to Cal-Western's Declaration of Non-Monetary Status

Cal-Western filed a declaration of non-monetary status on January 19, 2011,

---

[1] On February 3, 2011, the Court issued a Notice of Deficiency stating that it could not enter the requested default against defendants because there is no proof of service or waiver of service on file, the Court granted defendants' motion to dismiss the complaint on January 21, 2011, and the request for default judgment is premature. See Dkt. No. 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1807 CAS (PLAx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | GERALD C. WOODCOCK v. MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.); ET AL. | | |

pursuant to California Civil Code § 2924*l*. See Dkt. No. 15. Generally, a declaration of non-monetary status excuses a Trustee under a Deed of Trust from litigation if no objection is filed and served within fifteen days of service of said declaration. See Cal. Civ. Code § 2924*l*(a)–(d). "Any objection shall set forth the factual basis on which the objection is based. . . ." Cal. Civ. Code § 2924*l*(c). Where there is a timely objection to the declaration, the trustee is required to participate in the action. Cal. Civ. Code § 2924*l*(e).

The Court concludes that plaintiff's objection fails to set forth sufficient facts upon which plaintiff's objection to Cal-Western's declaration is based, as required by section 2924*l*(c). The only facts stated in plaintiff's objection is that Cal-Western is "a part of tax fraud, mail fraud and harassment" and that it is "in violation for not validating a proof fo claim of their actions of fraud." Mot. at 4. The Court finds that plaintiff's objection is insufficient to counter Cal-Western's declaration that it was "named in this action solely in its capacity as Trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as Trustee." See Dkt. No. 15 at ¶ 3. Accordingly, the Court concludes that Cal-Western's declaration is sufficient to transform it, the substituted trustee under plaintiff's deed of trust, into a nominal third party. Cf. Amaro v. Option One Mortg. Corp., No. EDCV 08-1498-VAP (AJWx) 2009, WL 103302, at *1 (C.D. Cal. Jan. 14, 2009) ("Defendant Quality Loan Services filed a 'Declaration of Nonmonetary Status' in the state court proceeding before removal, thereby transforming it, the trustee under the deed of trust, into a nominal third party, no longer required to participate in the action pursuant to California Civil Code § 2924*l*").

### B.   Motion for Reconsideration

The Court finds that plaintiff has not met his burden under Rule 59(e) showing good cause to vacate the Court's January 21, 2011 Order denying plaintiff's motion to remand and granting defendants' motion to dismiss the complaint without prejudice. See Fed. R. Civ. P. 59(e). "Reconsideration [pursuant to Rule 59(e)] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1807 CAS (PLAx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | GERALD C. WOODCOCK v. MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.); ET AL. | | |

1987).  See also Local Rule 7-18.  Because the Court's record is complete and plaintiff has asserted no new evidence and does not show that the Court committed clear error or that there has been an intervening change of law, the Court DENIES plaintiff's motion for default judgment for defendants' nonresponse; and motion to vacate defendants MERS, U.S. Bank, and ASC's opposition to plaintiff's motion for remand to state court.

**III.   CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for default judgment for defendants' nonresponse; motion to dismiss defendants' claim objection to declaration of non-monetary status by defendant Cal-Western; motion to vacate defendants MERS, U.S. Bank, and ASC's opposition to plaintiff's motion for remand to state court.  Plaintiff is again admonished that, in the event that plaintiff does not amend his complaint within **thirty (30) days of the Court's January 21, 2011 Order** dismissing the complaint without prejudice, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |